# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CANDACE E. ALSTON,

      Plaintiff,

      v.

TRANSUNION, LLC and
EXPERIAN INFORMATION SOLUTIONS,
INC.,

      Defendants.

Civil Action No. TDC-14-1180

## MEMORANDUM OPINION

Plaintiff Candace E. Alston has filed suit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x (2012), against Defendants Transunion, LLC ("Transunion") and Experian Information Solutions, Inc. ("Experian") based on their reporting of Alston's Wells Fargo mortgage account as delinquent and their allegedly unreasonable reinvestigation into that account's status in response to Alston's disputes. Pending before the Court is Defendants' Joint Motion for Summary Judgment. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6 (2016). For the reasons set forth below, Defendants' Motion for Summary Judgment is GRANTED.

## BACKGROUND

The factual background of this case is set forth in detail in the Court's Memorandum Opinion denying Alston's Motion for a Preliminary Injunction and her Motion for Partial Summary Judgment. *See Alston v. Transunion*, No. TDC-14-1180, 2014 WL 6388338 at *1-6

(D. Md. Nov. 13, 2014). Additional facts and procedural history are provided below as necessary.

## DISCUSSION

In her Complaint, Alston alleges that Defendants each erroneously relied "on the bare, unsupported statements of Wells Fargo" when reporting Alston's mortgage account as delinquent and continued to rely solely on Wells Fargo's information despite disputes that Alston filed with both credit reporting agencies ("CRAs") challenging the accuracy of that information. Compl. ¶ 19, ECF No. 2. Based on these assertions, Alston claims that Transunion and Experian violated two provisions of the FCRA: 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i(a)(1).

Transunion and Experian now seek summary judgment on the grounds that Alston's claims fail under the doctrine of collateral estoppel, because this Court has previously ruled that the reporting of Alston's Wells Fargo account was accurate, such that Alston's FCRA claims necessarily fail because inaccuracy of credit report information is an element of those claims.

## I.      Legal Standard

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court must view the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The nonmoving party has the burden to show a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A material fact is one that might affect the outcome of the suit under the governing law." *Spriggs v.*

*Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248) (internal quotation marks omitted). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

## II.     Collateral Estoppel

Collateral estoppel, also known as issue preclusion, is a subset of the doctrine of *res judicata*. *In Re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004). *Res judicata* mandates that "once a matter—whether a claim, an issue, or a fact—has been determined by a court as the basis for a judgment, a party against whom the claim, issue, or fact was resolved cannot relitigate the matter." *Id.* at 325. In particular, collateral estoppel provides that a party may not relitigate an issue previously resolved in litigation if the following requirements are satisfied: (1) the issue in the pending litigation is the same as the one previously litigated, (2) the issue was actually resolved in the prior litigation, (3) the issue resolved was necessary to the judgment in the prior proceeding, (4) the judgment in the prior proceeding is final and valid, and (5) the party to be estopped had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.* at 326. Collateral estoppel bars relitigation of a previously decided issue "even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

Here, Defendants contend that all of these requirements are satisfied as to a critical issue for Alston's present claims: whether the reporting of Alston's Wells Fargo mortgage account as delinquent was accurate. They argue that Alston has already litigated and lost on the question of accuracy as part of a related case, *Alston v. Wells Fargo*, No. TDC-13-3147, in which Alston alleged that Wells Fargo violated the FCRA by inaccurately reporting to CRAs such as

3

Transunion and Experian that her mortgage account was delinquent. In that case, this Court granted summary judgment to Wells Fargo after finding that Wells Fargo's reports that Alston's mortgage account was delinquent were accurate. *Alston v. Wells Fargo*, No. TDC-13-3147, 2016 WL 816733 at *10 (D. Md. Feb. 26, 2016) ("[T]he information that Wells Fargo provided to credit reporting agencies was not 'inaccurate.'"). Alston's appeal of this Court's grant of summary judgment was dismissed on March 14, 2017.

Defendants correctly argue that all five elements of collateral estoppel have been satisfied. In *Wells Fargo*, this Court squarely decided that Wells Fargo's reporting of Alston's mortgage account as delinquent was accurate because the evidence established that Wells Fargo was entitled to collect payments from Alston during the period of reported delinquency and because, during that period, Alston made no legal payments on the mortgage. *Wells Fargo*, 2016 WL 816733 at *9 ("Because none of the payments that Alston made were legally valid, Wells Fargo's reporting of that account as delinquent . . . was completely accurate."). Thus, the issue of the accuracy of the credit reporting was previously litigated and resolved. In *Wells Fargo*, the resolution of the question of accuracy was necessary to this Court's determination that Wells Fargo was entitled to summary judgment. *Id.* at *10. The judgment in that case is final and valid, and Alston had a full opportunity and the same incentive to litigate that issue in that case. *See In Re Microsoft Corp.*, 355 F.3d at 326. Alston is therefore collaterally estopped from relitigating that question here.

The fact that Wells Fargo's reporting of Alston's account was accurate, in turn, necessarily defeats Alston's FCRA claims. It is undisputed that the credit reporting of Transunion and Experian tracked the Wells Fargo reporting. *See* Pl.'s Mot. Partial Summ. J. at 1, ECF No. 23-1 (asserting that Defendants "blindly parroted" Wells Fargo's reporting). Thus,

Transunion and Experian reported accurate information about Alston's Wells Fargo mortgage account. This fact is therefore dispositive on Alston's FCRA claims because, as Defendants argue, both § 1681e(b) and §1681i(a)(1) have an inaccuracy requirement, meaning that a CRA can be liable under those provisions only if the disputed information reported or reinvestigated was actually inaccurate. Section 1681e(b) requires CRAs to "follow reasonable procedures to assure maximum possible accuracy" of information contained in credit reports. 15 U.S.C. § 1681e(b). The United States Court of Appeals for the Fourth Circuit has interpreted § 1681e to include an inaccuracy requirement, such that in order to establish a violation of § 1681e, a plaintiff must show both "(1) the consumer report contained inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). Other circuits have also interpreted § 1681e to require a showing of inaccuracy. *See Philbin v. Trans Union Corp.*, 101 F.3d 957, 964 (3d Cir. 1996); *Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 39 (D.C. Cir. 1984).

Although § 1681e governs the original compilation of information for a credit report, §1681i sets out requirements for how CRAs are to conduct reinvestigations into disputed information. As relevant here, § 1681i(a)(1) requires CRAs to conduct a reasonable reinvestigation into the accuracy of reported information. The Fourth Circuit has not specifically addressed whether inaccuracy is an element of a violation of 15 U.S.C. § 1681i. However, in denying Alston's Motion for a Preliminary Injunction and Motion for Partial Summary Judgment, this Court, relying on case law from other circuits and from other courts within this

District, held that inaccuracy is a requirement for claims under § 1681i. *See Alston v. Transunion*, 2014 WL 6388338 at *7 (citing *Carvalho v. Equifax*, 629 F.3d 876, 890 (9th Cir. 2010); *DeAndrade v. Trans Union*, 523 F.3d 61, 66-68 (1st Cir. 2008); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991); *Brooks v. Midland Credit Management*, WDQ-12-1926, 2013 WL 1010455 at *7 (D. Md. Mar. 13, 2013); and *Brown v. Experian*, JKB-12-2048, 2012 WL 6615005 at * 3 (D. Md. Dec. 17, 2012)). That holding is the law of the case, so regardless of Alston's various arguments that the Court's ruling was erroneous, it "continue[s] to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). The inaccuracy requirements of § 1681e and § 1681i mean that because collateral estoppel precludes relitigation of the prior determination that the credit reporting of Alston's account was accurate, Alston's claims against Transunion and Experian fail as a matter of law.

Alston's arguments to the contrary are unpersuasive. First, Alston argues that the doctrine of collateral estoppel does not apply because the issue of the accuracy of the credit reporting was litigated by Wells Fargo, and Transunion and Experian are not in privity with Wells Fargo. However, privity is required only as to "the party sought to be precluded" which, here, is Alston. *Bouchat v. Champion Prods.*, 327 F. Supp. 2d 537, 543 (D. Md. 2003) (citation omitted). Second, Alston argues that the *Wells Fargo* judgment is not preclusive because it did not address whether the credit reporting was misleading in that it failed to include allegedly mitigating information, such as the conduct of her mortgage servicers in billing and processing her payments. However, the allegedly mitigating information consists of facts, such as the error in the endorsement of the note, which were presented to the Court in *Wells Fargo* and factored into its determination that the credit reports were not inaccurate. *See Alston v. Wells Fargo*,

6

2016 WL 816733 at *2-4. Notably, under the FCRA, an "inaccurate" report is one that is "patently incorrect" or "misleading" such that it can be expected to have an "adverse" effect. *Dalton*, 257 F.3d at 415. Thus, the argument that a report is misleading is not a different legal issue; rather, it is a means by which to show that a report is "inaccurate." Because Alston had a full and fair opportunity to litigate the question of inaccuracy in *Wells Fargo,* including with consideration of the allegedly mitigating information, collateral estoppel applies.

Alston also argues that her claims should not be estopped because the record in this case is fuller than the one developed in *Wells Fargo*, and because collateral estoppel does not apply to cases that were filed before the asserted preclusive judgment was rendered. Alston cites no authority for these claims. The relative size of the record does not matter, because collateral estoppel applies not when a party has presented all available facts and made all possible legal arguments, but when that party has had a "full and fair opportunity to litigate" the issue. *In Re Microsoft Corp.*, 355 F.3d at 326. Here, Alston had that opportunity when she had the unfettered ability to present whatever facts and legal arguments she wished to offer as to the inaccuracy of her Wells Fargo mortgage account as part of the summary judgment motion in *Wells Fargo.* Nor does it matter that summary judgment was granted in *Wells Fargo* after the present case was filed. The principles of "[j]udicial efficiency and finality," which underlie the doctrines of *res judicata* and collateral estoppel, *In Re Microsoft Corp.*, 355 F.3d at 325, would be undermined if, where all other requirements for collateral estoppel are satisfied, Alston is allowed to relitigate in the present case an issue decided in a parallel case simply because the present case was filed before that preclusive determination was made.

Alston has had her opportunity to establish that Wells Fargo inaccurately reported her mortgage account as delinquent. She failed to do so. She is bound by that ruling, and that ruling disposes of her claims here. Defendants' Motion for Summary Judgment will be granted.

## CONCLUSION

For the foregoing reasons, Transunion and Experian's Motion for Summary Judgment is GRANTED. A separate Order shall issue.

Date: April 27, 2017

THEODORE D. CHUANG
United States District Judge