# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| CANDACE E. ALSTON,<br><br>　　Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>　　Defendant. | Civil Action No. TDC-14-1180 |

## MEMORANDUM OPINION

Pending before the Court are Plaintiff Candace E. Alston's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e), and Defendant Trans Union LLC's ("Trans Union") Motion for Sanctions. Having reviewed the briefs, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6 (2016). For the reasons set forth below, Alston's Motion is DENIED, and Trans Union's Motion is DENIED.

## BACKGROUND

Alston alleged that Defendants Trans Union and Experian Information Solutions, Inc. ("Experian"), which are consumer reporting agencies ("CRAs"), each violated two provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x (2012): 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i(a)(1). She based those claims on Defendants' reporting of her Wells Fargo mortgage loan. On February 26, 2016, this Court granted summary judgment to Wells Fargo in *Alston v. Wells Fargo*, No. TDC-13-3147, in which Alston sued Wells Fargo, the loan servicer, for FCRA violations based on that same mortgage loan. This Court found that Wells Fargo's reports to CRAs that Alston's mortgage account was delinquent were accurate,

such that her FCRA claims necessarily failed. *Alston v. Wells Fargo*, No. TDC-13-3147, 2016 WL 816733 at *10 (D. Md. Feb. 26, 2016) ("[T]he information that Wells Fargo provided to credit reporting agencies was not 'inaccurate.'"). Alston appealed that decision to the United States Court of Appeals for the Fourth Circuit. On March 14, 2017, Alston's appeal was dismissed as untimely. Order, *Alston v. Wells Fargo*, No. 16-2124, 2017 WL 4574468 (4th Cir. Mar. 14, 2017).

Following the Court's grant of summary judgment in *Wells Fargo*, Trans Union contacted Alston's counsel multiple times to ask him to dismiss Alston's claims in the present case voluntarily, asserting that the claims were no longer viable. According to Trans Union, Alston's attorney never responded. On March 4, 2016, Trans Union served Alston's counsel with a draft Motion for Rule 11 Sanctions and informed him that Trans Union intended to file the motion if Alston did not withdraw the Complaint.

Rather than voluntarily dismiss her claims, Alston continued vigorously to litigate them. On March 12, 2016, she filed a Motion for Reconsideration of an Order issued by United States Magistrate Judge Charles B. Day denying her Motions to Compel Discovery and to Amend the Scheduling Order. That motion was fully briefed by all parties. After prevailing on that Motion, Alston filed two Motions to Compel in November 2016, which the Court returned because she filed them *pro se* while still represented by counsel. On December 6, 2016, Alston's counsel filed a Motion to Withdraw, which was later granted.

On December 9, 2016, Defendants filed a Joint Motion for Summary Judgment in which they argued that Alston's claims were collaterally estopped by the *Wells Fargo* decision. In her Opposition to the Motion, Alston essentially abandoned her claim under § 1681e, arguing only that she could maintain her claim under § 1681i because there was no controlling precedent

holding that inaccuracy was a requirement for such a claim. This Court found that in light of the determination in Wells Fargo that the mortgage account was accurate, Alston could not succeed on her § 1681e claim, relying on the controlling case of *Dalton v. Capital Associated Industries, Incorporated*, 257 F.3d 409 (4th Cir. 2001), which held that inaccuracy is an essential element under § 1681e. *Alston v. Trans Union*, No. TDC-14-1180, 2017 WL 1628420 at *2 (D. Md. Apr. 27, 2017). This Court reached the same conclusion as to Alston's § 1681i claim, relying on precedent from the United States Courts of Appeals for the First, Ninth, and Eleventh Circuits, as well as cases from within this District, for the principle that § 1681i, like § 1681e, has an inaccuracy requirement. *Id.* at *2-3.

On May 10, 2017, Trans Union sought leave to file a Motion for Sanctions against Alston and her former attorney based primarily on her refusal to dismiss her case in light of the *Wells Fargo* decision. On May 23, 2017, Alston sought leave to file a Motion to Alter or Amend the Judgment. In that request she stated, "even if it is unlikely, based on how this Court has ruled in its prior decisions," that she would prevail on such a Motion, it was "incumbent" on her to file a Motion to Alter or Amend because she was "prosecuting this case . . . [for] the Court of Appeals." May 26, 2017 Request for Conf. at 2, ECF No. 158. She concluded, "This is why the Defendant's motion for sanctions is utterly absurd." *Id.*

At a May 31, 2017 status conference, the Court reminded Alston that a Motion to Alter or Amend the Judgment should generally be filed only if there is new, controlling precedent that would dictate a different outcome, or if there is newly discovered but previously unavailable evidence in support of her claims. The Court then set a briefing schedule for the proposed motions. Under that schedule, Alston was to file her Motion to Alter or Amend the Judgment by June 14, 2017, and Trans Union was to file its Motion for Sanctions on July 26, 2017, after the

completion of the briefing on the Motion to Alter or Amend. However, on June 7, 2017, Alston requested leave to file another motion, specifically a Motion for Costs against Trans Union based on Trans Union's planned Motion for Sanctions. That request closed with Alston acknowledging that an appeal "will likely result in the affirming of this Court's ruling" and that "she understands that she has lost. And that the case . . . is over." June 7, 2017 Req. for Conf. at 2, ECF No. 161. She noted Trans Union's contention that it had incurred extra expenses in litigating the case because she "would not drop it," then added that if "Trans Union drops its motion for sanctions," she would agree to "drop her motion to alter and agree not to appeal this Court's decision." *Id.* On June 14, 2017, Alston filed the Motion to Alter or Amend the Judgment against both Defendants.

In a June 22, 2017 status conference, Experian stated that it would not join in the Motion for Sanctions, and Alston agreed to withdraw the Motion to Alter or Amend the Judgment as to Experian. At that same status conference, the Court set the following briefing schedule. Trans Union would file its Motion for Sanctions by July 26, 2017; Alston would file her Motion for Costs as part of the Opposition to the Motion for Sanctions and would submit that combined filing to the Court by August 14, 2017; Trans Union would have until August 28, 2017 to submit a combined Opposition to the Motion for Costs and Reply Memorandum on the Motion for Sanctions; and Alston would have until September 11, 2017 to file her Reply Memorandum on the Motion for Costs. Although Trans Union timely filed its Motion for Sanctions, Alston filed nothing by August 14, 2017 deadline. On September 6, 2017, she filed a Motion for Extension of Time, which was later granted. On September 11, 2017, Alston filed her Opposition to Trans Union's Motion and included a Motion for Sanctions, rather than a Motion for Costs, asserting

that Trans Union should be sanctioned for seeking sanctions against her. Trans Union responded to that Motion on September 25, 2017.

On October 17, 2017, Alston filed what she titled, "Plaintiff Alston's Motion for Sanctions and Her Opposition to Trans Union LLC's Motion for Sanctions." The Court struck that new motion as untimely. On November 6, 2017, Alston sought permission to file a Motion for Reconsideration of the Court's Order striking her belated filing.

## DISCUSSION

### I. Motion to Alter or Amend the Judgment

In her Motion to Alter or Amend under Rule 59(e), Alston asks this Court to reconsider its grant of summary judgment to Trans Union. Alston claims that this Court erred because: (1) the Court improperly found that certain information was not relevant to Alston's dispute with Trans Union, and (2) § 1681i does not have an inaccuracy requirement. Neither of these arguments provides a basis for reconsideration.

A Rule 59(e) motion may be granted only (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). Alston cites no intervening change in controlling law and points to no new evidence, but instead asserts that various determinations of this Court were errors of law or resulted in manifest injustice. Having reviewed Alston's arguments, the Court is unpersuaded that there was clear legal error or manifest injustice in its prior reasoning and thus finds no basis to alter its April 27, 2017 Order. Alston's Motion will be denied.

## II. Motion for Sanctions

Trans Union seeks sanctions under both Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Rule 11 prohibits the filing of pleadings or motions by an attorney or unrepresented party for an improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Rule 11 also requires that all pleadings or motions contain "legal contentions [that] are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Upon motion, the Court may impose sanctions against a party for violating such Rule 11 provisions. Fed. R. Civ. P. 11(c)(2).

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excessive costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (2012).

Trans Union argues that sanctions are warranted in this case based on Alston's refusal to dismiss her claims following the *Wells Fargo* decision and her choice instead to litigate the case actively, as evidenced by four filings she made after that decision was issued: the Motion to Compel, the Opposition to the Motion for Summary Judgment, the Motion to Alter or Amend the Judgment, and the Request to File a Motion for Costs, which resulted in Alston's own Motion for Sanctions. In asserting that Alston should have conceded defeat after the *Wells Fargo* decision, Trans Union conflates her § 1681e and § 1681i claims. The finding in *Wells Fargo* that Alston's mortgage account was accurate did, indeed, doom her § 1681e claim, because existing Fourth Circuit precedent makes inaccuracy an element of such a claim. *See Dalton*, 257 F.3d at 415. No such controlling case law existed as to a § 1681i claim. Thus, the *Wells Fargo* decision did

not necessarily foreclose that claim, and Alston needed to contest the § 1681i issue in order to preserve it for appeal. While the better practice would have been for Alston to dismiss her § 1681e claim and proceed only on her § 1681i claim, the Court notes that her summary judgment briefing addressed only the continued viability of her § 1681i claim, thereby essentially abandoning her claim under § 1681e. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) (holding that "failure to oppose a basis for summary judgment constitutes waiver of that argument"); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (finding that the plaintiff had abandoned a claim "by failing to address that claim in her opposition to [the defendant's] motion for summary judgment, or to offer clarification in response to [the defendant's] reply brief"). As a result, the Court cannot conclude that following the *Wells Fargo* decision, Alston was left with an entirely frivolous case, such that by continuing to litigate it, she and her attorney engaged in sanctionable conduct. *See Hoover Universal, Inc. v. Brockway Imco, Inc.*, 809 F.2d 1039, 1044 (4th Cir. 1987) (holding that the district court has not abused its discretion in declining to impose sanctions based on its determination that a litigant "had a glimmer of a chance of prevailing") (citation omitted). Thus, the Court will not impose sanctions under Rule 11 or 28 U.S.C. § 1927 for the conduct of Alston or her counsel up to the resolution of the Motion for Summary Judgment.

Alston's conduct after this Court granted summary judgment on both the § 1681e and § 1681i claims, by which point her counsel had withdrawn, is more troubling. Although Alston would have been well within her rights to appeal the Court's decision, her decision to file a Motion to Alter or Amend the Judgment under Rule 59(e) was unjustified. A Motion to Alter or Amend a Judgment is "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). This Court informed Alston

through denials of her Motions to Alter or Amend the Judgment in other cases of the standard for such a motion and reminded her again of that standard in this case during the pre-motion case management conference. Nevertheless, in her brief, Alston made no claim of an intervening change in controlling law or newly discovered evidence. Instead, she argued that the Court had made a clear error of law, an argument that was patently untenable in light of the ample case law from other circuits concluding that inaccuracy is an element of a § 1681i claim. *See, e.g., Carvalho v. Equifax*, 629 F.3d 876, 890 (9th Cir. 2010); *DeAndrade v. Trans Union*, 523 F.3d 61, 66-68 (1st Cir. 2008). Alternatively, she asserted that the Court's grant of summary judgment to Defendants had worked a manifest injustice, an argument equally untenable considering that the basis of her FCRA claim was, as the Court had previously determined, a self-inflicted injury arising from an apparently deliberate scheme to escape mortgage liability. *See Wells Fargo*, 2016 WL 816733 at *9-11. Thus, Alston's Rule 59(e) motion was baseless.

Although the Rule 59(e) motion was wholly unsupported, the Court will not impose sanctions on Alston. Ordinarily, the Court would not impose sanctions against a *pro se* party for the filing of a Rule 59(e) motion, particularly if there is any plausible argument that the party did not understand whether the motion was necessary or warranted. Here, in seeking leave to file the Motion, Alston stated, "it is incumbent o[n] Plaintiff to continue to prosecute her case for she is not prosecuting this case just for this Court but also the Court of Appeals." Notice at 2, ECF No. 158. Admittedly, Alston is not an ordinary *pro se* litigant. She has filed numerous cases in this Court, which has allowed the Court to understand that she receives substantial legal assistance from her brother, Thomas Alston, a paralegal who holds himself out as a reasonably priced alternative to an attorney, providing the services of drafting complaints, motions, and discovery requests. Thomas Alston has accompanied Alston or her counsel when they have appeared for

hearings and has overtly coached them on their statements to the Court. But where the Court cannot be certain that, on this occasion, Alston understood that she did not need to file a Rule 59(e) motion to advance her appeal, or any particular argument on appeal, the Court will not impose sanctions. The fact that Alston was willing to forgo the Rule 59(e) motion and the appeal in exchange for Trans Union withdrawing its Motion for Sanctions does not alter this result, as it is not unusual for parties to trade away appellate rights as part of settlement negotiations.

The Court, however, puts Alston on notice that it will not be so lenient in the future. Including the present case, Alston filed no fewer than six cases based on credit reporting relating to the Wells Fargo mortgage account. *See Alston v. Equifax*, No. TDC-13-1230; *Alston v. Wells Fargo*, No. TDC-13-3147; *Alston v. Experian*, No. TDC-14-3957; *Alston v. Equifax*, No. TDC-15-3343; *Alston v. Equifax*, No. JFM-15-3394. In each of these cases, she filed or sought to file one or more Motions to Alter or Amend the Judgment. The Court informs Alston that because a Rule 59(e) motion is not a prerequisite to filing an appeal, any future Rule 59(e) motions must be supported by a reasonable basis, and may not be filed in order to harass, delay, or needlessly increase the cost of litigation, or sanctions may be imposed. Fed. R. Civ. P. 11(b)(1).

Moreover, this series of six cases has revealed that Alston engaged in a highly questionable if not fraudulent scheme in which she sought to trick lenders into releasing her obligation to pay her mortgage by including a release as a condition on the cashing of her mortgage payment checks, apparently in the hope that the lender would unwittingly cash the check and thereby accept the release. Where Alston's FCRA claim rested on the unjustified position that such tainted payments had to be considered in the determination whether she was current on her mortgage, there was a realistic basis to consider Rule 11 sanctions relating to the

Complaint itself. The Court warns Alston that future causes of action grounded in such improper conduct and baseless theories may support Rule 11 sanctions.

As for Alston's Request for a Conference in order to file a Motion for Reconsideration of this Court's striking of her untimely Motion for Sanctions and her Opposition to Trans Union LLC's Motion for Sanctions, filed together on October 17, 2017, the Court construes Alston's request as a Motion for Reconsideration and denies it. Alston had already filed a memorandum in opposition to Trans Union's Motion for Sanctions, such that any additional filing would constitute a sur-reply without justification. *See* D. Md. Local R. 105.2(a) (stating that, "[u]nless otherwise ordered by the court, surreply memoranda are not permitted to be filed"). Nevertheless, the Court notes that the arguments made in that stricken filing were all considered in the Court's ruling on Trans Union's Motion for Sanctions. As for Alston's Motion for Sanctions, included in the October 17, 2017 filing, it was untimely by any measure and plainly lacked merit. The Motion for Reconsideration is therefore denied.

## CONCLUSION

For the foregoing reasons, Alston's Motion to Alter or Amend the Judgment is DENIED, and Trans Union's Motion for Sanctions is DENIED. Alston's November 6, 2017 Request for Conference is construed as a Motion for Reconsideration and is DENIED. A separate Order shall issue.

Date: March 8, 2018

THEODORE D. CHUANG
United States District Judge